HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ANDREW BRANIFF
Acting Chief, Appellate Section
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

BRITTANY E. BENNETT
JAMES T. TUCKER
Trial Attorneys, Voting Section
Civil Rights Division

PAUL MCCAFFREY
First Assistant United States Attorney
Eastern District of Kentucky

*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL ADAMS, in his Official Capacity as KENTUCKY SECRETARY OF STATE and as CHIEF ELECTION OFFICIAL for the KENTUCKY STATE BOARD OF ELECTIONS; ROSS OWENS, III in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; ERIC FARRIS in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; JOHN BROWN, III in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; SUE PERRY in her Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; DEANNA BRANGERS in her Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; CORY SKOLNICK in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; DWIGHT SEARS in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; JULIE GRIGGS in her Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER,<br><br>        Defendants. | **COMPLAINT** |

**COMPLAINT**

1. Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve … *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election." 52 U.S.C. § 20701 (emphasis added).

2. Title III likewise grants the Attorney General the sweeping power to obtain these records: "Any record or paper required by [section 301] of this title to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

3. If the custodian to whom the written demand is made refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a federal court to issue an order directing the officer of election to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4. In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought … has failed or refused to make such papers 'available for inspection, reproduction, and copying.'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703). The court

8

does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the order to produce." *Id.*

## I. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and this District is where the Attorney General made her demand for federal election records under Section 303 of the CRA and is where the federal election records are located, as provided by 52 U.S.C. § 20705.

## II. PARTIES

7. Plaintiff is the United States. The Attorney General has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(a); and Title III of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21111.

8. Defendants are responsible for the administration of elections in accordance with Ky. Rev. Stat. ("KRS") § 117.015.

9. Defendants are sued in their official capacities as the chief election official (Secretary of State Adams) and as members of the Kentucky State Board of Elections ("KSBE") (Adams, Owens, Farris, Brown, Perry, Brangers, Skolnik, Sears, and Griggs) all whom are responsible for coordinating and maintaining Kentucky's compliance under the CRA, NVRA, and HAVA.

### III.  BACKGROUND

10. This proceeding arises from the Attorney General's investigation into Kentucky's compliance with federal election law, particularly the NVRA and HAVA.

11. Section 301 of Title III of the CRA, the NVRA, and HAVA require States and other election officers to maintain and preserve certain records and papers relating to registration to voting or other acts requisite to voting in federal elections.

### The National Voter Registration Act

12. The NVRA requires each state to "designate a state officer or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA. 52 U.S.C. § 20509.  Defendants Adams is the chief election official for the Commonwealth of Kentucky.

13. The NVRA requires States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. § 20507(a)(4).

14. The NVRA also requires States to maintain, with exceptions not relevant here, "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…." 52 U.S.C. § 20507(i)(1).

### The Help America Vote Act

15. HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and registration information of every legally registered voter in the State and assigns a unique

8

identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

16. HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain identifying information from the applicants, namely, a driver's license number for those who possess a valid one, the last four digits of a social security number for those who do not possess a valid drivers' license, and for those who have neither, a unique identifier. 52 U.S.C. § 21083(a)(5)(A).

### The Civil Rights Act of 1960

17. Congress empowered the Attorney General to request federal election records pursuant to Title III of the Civil Rights Act ("CRA"), codified at 52 U.S.C. §§ 20701-20706.

18. Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting in a federal election for a period of twenty-two months after any federal general, special, or primary election. *See* 52 U.S.C. § 20701.

19. Section 303 of the CRA provides, in pertinent part, "[a]ny record or paper required by [52 U.S.C. § 20701] of this title to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand is required to "contain a statement of the basis and the purpose thereof." *Id.*

## IV. FACTUAL ALLEGATIONS

20. On July 17, 2025, the Attorney General contacted Defendants seeking information regarding Kentucky's compliance with federal election law. *See* Letter from Attorney General to Defendant Adams ("July 17 Letter").

21. On July 23, 2025, Defendants responded, stating Kentucky's statewide voter registration list ("SVRL") was under the control of the KSBE. ("July 23 Letter").

22. On August 8, 2025, the Attorney General contacted the KSBE, enclosing a copy of the July 17 Letter from the Attorney General and the July 23 Letter from Defendant Adams. ("August 8 Letter").

23. On August 14, 2025, the Attorney General sent another letter renewing the July 17 request with a demand for the SVRL, pursuant to the CRA, within seven days of the date of the letter ("August 14 Letter").

24. The August 14 Letter stated that the purpose of the request is to ascertain compliance with the list maintenance requirements of the NVRA and HAVA. The letter also requested that Kentucky's response contain "all fields," including full name, date of birth, address, and driver's license or last four digits of social security number, required under Section 303 of HAVA. *Id.*

25. The August 14 Letter stated that the SVRL and all other federal election records that were produced would be maintained according to all applicable federal laws, including Section 304 of the CRA and the Privacy Act. The August 14 Letter also explained to Defendants that "HAVA specifies that the 'last [four] digits of a social security number . . . shall not be considered to be a social security number for purposes of section 7 of the Privacy Act of 1974.'" 5 U.S.C. § 552a note; 52 U.S.C. § 21083(c). In addition, any prohibition of

8

disclosure of a motor vehicle record contained in the Driver's Privacy Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Department is now doing.

26. On August 22, 2025, Defendants refused the Attorney General's demand. *See* August 22 Letter.

27. Defendants further stated in the August 22 letter that they desired "clarification" on the Attorney General's compliance procedures under other laws, namely the Privacy Act and the Driver's Privacy Protection Act. *Id.*

28. On December 2, 2025, the Attorney General sent Defendants an email, with a proposed memorandum of understanding ("MOU") attached that "satisfies all reasonable concerns regarding privacy and data security." *See* December 2, 2025 Email.

29. The proposed MOU stated the authorities by which the Attorney General was demanding the SVRL, included the CRA, NVRA, and HAVA. *See* Confidential Memorandum of Understanding.

30. The Proposed MOU is identical to other MOUs that were offered to any states that desired it. Two states have signed the MOU (Texas, Alaska), and the contents of the MOU have been widely reported through various outlets.

31. Prior to the KSBE meeting on December 16, 2025, the Attorney General provided additional information to the KSBE regarding the MOU, and the KSBE took no action on the MOU at their meeting.

32. The KSBE also met on January 5, 2026 and declined to take action on the MOU.

33. As of the date of this Complaint, Defendants have refused to comply with the

Attorney General's demand.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

34. The United States restates and incorporates herein the foregoing allegations in this Complaint.

35. On August 14, 2025, the Attorney General sent a written demand to Defendants for the production of specific election records pursuant to 52 U.S.C. § 20703.

36. The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

37. Defendants are officers of election, as that term is defined in Section 306 of the CRA, 52 U.S.C. § 20706.

38. To date, Defendants have refused to provide the records requested.

Wherefore, the United States respectfully requests this Court to:

A. Declare that Defendants' refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703;

B. Order Defendants to provide to the Attorney General the current electronic copy of Kentucky's computerized voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their driver's license number, the last four digits of their Social Security number, or HAVA unique identifier as required by 52 U.S.C. § 21083 within five (5) days of a Court order.

C. Order Defendants to produce such other federal election records demanded by the Attorney General to ascertain Defendant's compliance with HAVA and the NVRA;

8

    D.  Order such other relief as the interests of justice may require.

DATED: February 26, 2026

PAUL MCCAFFREY
First Assistant United States Attorney
Eastern District of Kentucky

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ANDREW BRANIFF
Acting Chief, Appellate Section
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

/s/ *Brittany E. Bennett*
BRITTANY E. BENNETT
JAMES TUCKER
Trial Attorneys, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
brittany.bennett@usdoj.gov
Tel. (202) 704-5430

Attorneys for the United States