UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

UNITED STATES OF AMERICA,               )
                                        )
            Plaintiff,                  )          Civil No. 3:26-cv-00019-GFVT
                                        )
v.                                      )          **MEMORADUM OPINION**
                                        )                    **&**
MICHAEL ADAMS, *et al.*,                )          **ORDER**
                                        )
            Defendants.                 )

                        \*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a collection of Motions to Intervene filed by Proposed Intervenor Defendants Kentucky Alliance for Retired Americans, The New Americans Alliance, League of Women Voters of Kentucky, Zitsi Mirakhur, Joern Soltau, and David Yates.  [R. 3; R. 8; R. 17.]  The Proposed Intervenors all seek to intervene as of right pursuant Federal Rule of Civil Procedure 24(a) or, alternatively, by permission pursuant to Rule 24(b).  *Id.*  No response has been filed to any of the Motions, and the time to do so has passed.  *See* L.R. 7.1(c).  For the reasons that follow, the Court will **GRANT** the Proposed Intervenors' Motions **[R. 3; R. 8; R. 17.]**

**I**

The case is one in a series of actions brought by the United States, seeking voter registration information from states and localities.  The facts that give rise to this particular action begin on July 17, 2025, when the United States first contacted the Kentucky State Board of Elections seeking "information regarding Kentucky's compliance with federal election law."  [R. 1 at 7.]  On August 14, 2025, the United States requested that the Commonwealth of Kentucky turn over its statewide voter registration list and further requested that Kentucky's

response contain "all fields, including full name, date of birth, address, and driver's license or last four digits of social security numbers" of each registered voter. *Id.* As the authority for its request, the United States cited the National Voter Registration Act, the Help America Vote Act, and the Civil Rights Act. *Id.*

The Defendants requested further clarification of the United States' request, and on December 2, 2025, the United States sent a Memorandum of Understanding to the Defendants which the United States asserts would have "satisfied all reasonable concerns regarding privacy and data security." *Id.* at 8. The Defendants declined to sign the Memorandum, and have otherwise rejected the United States' demands, prompting the United States to file this action. *Id.* On February 26, 2026, the United States initiated this action against Michael Adams, in his official capacity as Kentucky Secretary of State and as Chief Election Official for the Kentucky State Board of Elections, as well as several other members of the Kentucky State Board of Elections. *Id.* at 4. The United States seeks declaratory as well as injunctive relief. *Id.* at 9.

Several organizations and individuals have moved to intervene as Defendants in this action, asserting that their rights would be impaired by a ruling in favor of the United States. First, on March 2, Kentucky Alliance for Retired Americans moved to intervene as a Defendant in this action. [R. 3.] The Alliance is a public interest organization comprised of over 62,000 retired Kentuckians, and it seeks to intervene to "prevent improper disclosure of the[] sensitive and personal information" of its members. [R. 3-1 at 3.] The Alliance also asserts organization interests which it contends are threatened by this action. *Id.*

Next, on March 6, 2026, the League of Women Voters of Kentucky, the New Americans Initiative, Zitsi Mirakhur, and Joern Soltau collectively moved to intervene as Defendants in this action. [R. 8.] The League is a public interest organization, comprised of 550 individual

2

members as well as five local league chapters, that seeks to promote voter participation and education across the Commonwealth. [R. 8-1 at 11-12.] The League asserts that its members include Kentucky voters whose personal data will be provided to the United States if it prevails in this action, and "may include voters who are especially likely to be mistakenly caught up in the [United States'] efforts to remove voters from voter rolls. . ." *Id.* at 12. The Initiative is a public interest organization which seeks to encourage the political participation of foreign-born Kentuckians. *Id.* Zitsi Mirakhur and Joern Soltau are both foreign-born Kentuckians registered to vote in Kentucky. *Id.* at 12-13. Ms. Mirakhur and Mr. Soltau both cite concerns about the federal government's access to their personal information as the impetus for their motion to intervene. *Id.*

Finally, on March 16, 2026, Jefferson County Clerk, Charles David Yates, moved to intervene as a Defendant. [R. 17.] As the Jefferson County Clerk, Yates is the primary custodian, creator, and administrator of Jefferson County voter registration records. Ky. Rev. Stat. Ann. § 116.045. Yates asserts that this litigation directly affects his statutory duties as the Jefferson County Clerk, and disposition of this case may "impair or impede [his] ability to carry out those duties and subject [him] to conflicting legal obligations." [R. 17-1 at 2.]

All of the Proposed Intervenors seek to intervene as of right, pursuant to Federal Rule of Civil Procedure 24(a), or alternatively seek permissive intervention, pursuant to Federal Rule of Civil Procedure 24(b). [R. 3 at 2; R. 8 at 2; R. 17 at 2.] Neither the United States, nor the Defendants have filed a Response to any of the Motions to Intervene, and the time for them to do so has passed. *See* L.R. 7.1(c). As such, these motions are ripe for decision. For the reasons that follow, the Court will grant the Proposed Intervenors' motions.

3

## II

Federal Rule of Civil Procedure 24 permits two types of intervention: intervention as of right and permissive intervention. *See* Fed. R. Civ. P. 24. The Court must permit a non-party to intervene if that non-party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Court may permit a party to intervene if the Proposed Intervenor makes a timely motion to intervene and has a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Here, all of the Proposed Intervenors move for intervention as of right under Rule 24(a), or alternatively, permissive intervention under Rule 24(b). [R. 3 at 2; R. 8 at 2; R. 17 at 2.] Because the Proposed Intervenors move both as a matter of right and permissively, the Court may grant the motion on either or both bases. *Franklin Cnty. v. Shelter Gen. Ins. Co.*, No. 3:08-cv-49-DCR, 2008 WL 4787399, at \*2 (E.D. Ky. Oct. 30, 2008); *see also Qualas Corp. v. Wilson*, No. 1:23-cv-352, 2023 WL 5745438, at \*3 (S.D. Ohio Sept. 6, 2023) (allowing permissive intervention even where the proposed intervenor only moved for intervention as of right). Here, the Court need not determine whether the Proposed Intervenors are entitled to intervene as of right because all of the movants' arguments clearly support permissive intervention.

The Federal Rules provide that the Court may permit intervention so long as the motion is timely and the Proposed Intervenors share at least one common question of law or fact. *See* Fed. R. Civ. P. 24(b)(1); *see also Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997). Once the Proposed Intervenor establishes these two requirements, "the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant

4

factors to determine whether, in the court's discretion, intervention should be allowed." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citing *Miller*, 103 F.3d at 1248). Allowing permissive intervention is within the sound discretion of the trial judge. *Purnell v. City of Akron*, 925 F.2d 941, 951 (6th Cir. 1991). Furthermore, when determining whether to permit intervention, the Court "must accept as true the non-conclusory allegations of the motion." *Horrigan v. Thompson*, No. 96-4138, 1998 WL 246008, at *2 (6th Cir. May 7, 1998) (citing *Lake Inv. Dev. Grp. v. Egidi Dev. Grp.*, 715 F.2d 1256, 1258 (7th Cir. 1983)).

The Court finds that all of the Motions to Intervene were timely filed. This suit was initiated on February 26, 2026, and all of the Motions to Intervene were filed within three weeks of this suit's commencement, with the latest motion filed on March 16, 2026. [R. 3; R. 8; R. 17.] In this action, no Defendant has filed an answer, no discovery has been conducted, no scheduling order has been issued, and no trial date has been set. The Court recognizes that there have been dispositive motions filed in this action. [R. 9; R. 26; R. 33.] However, that on its own does not militate a finding of untimeliness, and in any event, the dispositive motions were predominantly filed after the motions to intervene. *See e.g. Appalachian Regional Healthcare v. Coventry Health and Life Ins. Co.*, No. 5:12-cv-114-KSF, 2013 WL 1314166, at *3 (E.D. Ky. Mar. 28, 2013) (finding a motion to intervene timely despite a pending motion for summary judgment). Furthermore, those motions are still being briefed and are not yet ripe.

The Proposed Intervenors also all assert a defense that shares several common questions of law with the main action. Courts have analyzed this requirement in two different ways. The first asks whether the Intervenor's claims and the parties' claims require interpretation of the same statutes or constitutional provisions. *See e.g. Bay Mills Indian Community v. Snyder*, 2017 WL 7736934, at *4 (W.D. Mich. Mar. 8, 2017), *aff'd*, 720 F. App'x 754 (6th Cir. 2018). The

5

second consideration asks whether allowing intervention will require the Court to resolve issues that present a "separate inquiry" collateral to the underlying action. *A.W. v. Red Roof Inns, Inc.*, 2023 WL 5029174, at *4 (S.D. Ohio Aug. 8, 2023).

The Proposed Intervenors pass by either measure. The underlying action requires the Court to interpret provisions of the National Voter Registration Act, the Help America Vote Act, and the Civil Rights Act. [*See* R. 1.] At bottom, the parties, as well as the Proposed Intervenors, are interested in whether the Commonwealth is compelled under these statutes to provide certain voter registration information to the federal government. To that end, all of the Proposed Intervenors assert defenses which require interpretation of those three statutes. [*See* R. 3; R. 8; R. 17.] Furthermore, the Proposed Intervenors do not assert any claims or defenses that require interpretation of any other statute, so allowing intervention will not require the Court to resolve collateral issues which are not essential to the resolution of the underlying suit.

Finally, permitting intervention will not result in either undue delay or prejudice to original parties. As noted above, this litigation is still in its infancy, and allowing intervention will not impede the progression of this matter or otherwise cause undue delay. Additionally, on March 31, 2026, the original parties and the Proposed Intervenors all jointly moved for a consolidated briefing schedule in order to facilitate argument in an expeditious manner. [R. 31.] The Court granted the motion and adopted the parties' proposed briefing schedule. [R. 32.] The proposed briefing schedule contemplated that the Proposed Intervenors would be participating in the litigation, and thus, no prejudice will result from proceeding in the way the parties have jointly proposed. [R. 31-1.]

As such, the Court will exercise its discretion to permit the Proposed Intervenors to intervene under Rule 24(b), as they have timely moved to intervene, present a defense that shares a common question of law with the main action, and no prejudice or undue delay will result.

## III

Accordingly, and the Court being duly and sufficiently advised, it is hereby **ORDERED** as follows:

1. The Motion to Intervene filed by Kentucky Alliance for Retired Americans **[R. 3]** is **GRANTED**;

2. The Clerk is Directed to File the Proposed Answer **[R. 3-2]** in the Record, tendered as of the day of filing;

3. The Motion for Leave to File a Responsive Pleading filed by Kentucky Alliance for Retired Americans **[R. 25]** is **GRANTED;**

4. The Clerk is Directed to File the Proposed Motion to Dismiss **[R. 25-2]** in the Record, styled as a pending Motion to Dismiss, tendered as of the day of filing;

5. The Motion to Intervene filed by the New Americans Alliance, League of Women Voters of Kentucky, Zitsi Marakhur, and Joern Soltau **[R. 8]** is **GRANTED**;

6. The Clerk is Directed to File the Proposed Motion to Dismiss **[R. 8-6]** in the Record, styled as a pending Motion to Dismiss, tendered as of the day of filing;

7. The Motion to Intervene filed by Jefferson County Clerk David Yates **[R. 17]** is **GRANTED**; and

8. The Clerk is Directed to File the Proposed Answer **[R. 17-2]** in the Record, tendered as of the day of filing.

This the 14th day of April, 2026.

Gregory F. Van Tatenhove
United States District Judge