# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>MICHAEL ADAMS, in his Official Capacity as KENTUCKY SECRETARY OF STATE and as CHIEF ELECTION OFFICIAL for the KENTUCKY STATE BOARD OF ELECTIONS; ROSS OWENS, III in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; ERIC FARRIS in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; JOHN BROWN, III in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; SUE PERRY in her Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; DEANNA BRANGERS in her Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; CORY SKOLNICK in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; DWIGHT SEARS in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; JULIE GRIGGS in her Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER,<br><br>*Defendants.* | Case No. 3:26-cv-00019-GFVT |

## KENTUCKY ALLIANCE FOR RETIRED AMERICANS' PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT

Proposed Intervenor-Defendant the Kentucky Alliance for Retired Americans (the "Alliance") answers Plaintiff's Complaint as follows:

1

## INTRODUCTION[1]

1.      Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute and opinion cited contain the quoted text. Proposed Intervenor otherwise denies the allegations.

2.      Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains language similar to the quoted text. Proposed Intervenor otherwise denies the allegations.

3.      Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the opinion cited contains the quoted text. Proposed Intervenor otherwise denies the allegations.

4.      Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the opinions cited contain the quoted text. Proposed Intervenor otherwise denies the allegations.

## I. JURISDICTION AND VENUE

5.      Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor

---

[1] These headings are included because they appear in the Plaintiff's Complaint and are duplicated to aid and assist in ease of comparison between the Plaintiff's Complaint and the Proposed Intervenor's answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this answer should not be understood otherwise, nor should they be understood to make any admission on behalf of the Proposed Intervenor.

2

admits that this action arises under federal law and that it is brought by the United States as a Plaintiff. Proposed Intervenor otherwise denies the allegations.

6.     Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, on information and belief, Proposed Intervenor admits that Plaintiff requested federal election records from Defendant Kentucky Secretary of State Adams ("Secretary Adams") and Defendant Kentucky State Board of Elections members Owens, Farris, Brown, Perry, Brangers, Skolnick, Sears, and Griggs ("KSBE Members"), but Proposed Intervenor lacks sufficient knowledge to form a belief to the truth or falsity of the remaining allegations in Paragraph 6 and therefore denies them.

## II. PARTIES

7.     Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that this case is brought by the United States but otherwise denies the allegations.

8.     Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the named Defendants conduct election administration activities in Kentucky.

9.     Paragraph 9 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that Defendant Secretary Adams and KSBE Members are being sued in their official capacities only, and that they are responsible for coordinating and maintaining Kentucky's compliance under the Civil Rights Act of 1960 ("CRA"), the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(a), and Title III of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21111.

## III. BACKGROUND

10.    Proposed Intervenor denies the allegations in Paragraph 10.

11.    Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the CRA, NVRA, and HAVA impose certain obligations on states with respect to voter registration lists and that the NVRA requires states to preserve certain records. Proposed Intervenor otherwise denies the allegations.

### The National Voter Registration Act

12.    Paragraph 12 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

13.    Paragraph 13 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

14.    Paragraph 14 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

### The Help America Vote Act

15.    Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

16.     Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

**The Civil Rights Act of 1960**

17.     Paragraph 17 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the CRA grants the Attorney General certain authority to request some records in certain circumstances.

18.     Paragraph 18 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited requires election officials to preserve certain records for a period of twenty-two months after a federal election.

19.     Paragraph 19 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

**IV. FACTUAL ALLEGATIONS**

20.     Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 20 and therefore denies them.[2]

---

[2] Plaintiff's factual allegations refer to certain letter and email correspondence between Plaintiff and Defendants which Plaintiff failed to attach to the Complaint, including correspondence or communications dated July 17, July 23, August 8, August 14, August 22, December 2, and December 16, 2025; as well as a meeting of the KSBE on January 5, 2026. *See* ECF No. 1 ¶¶ 20–32. Because Plaintiff failed to attach the communications to the Complaint, Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations concerning this correspondence and therefore deny these allegations.

21.  Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 21 and therefore denies them.

22.  Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore denies them.

23.  Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore denies them. Proposed Intervenor denies that Defendants are required to provide Kentucky's state voter registration list ("SVRL") to Plaintiff.

24.  Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations related to Plaintiff's correspondence in Paragraph 24 and therefore denies them. To the extent that Paragraph 24 contains legal contentions, characterizations, conclusions, or opinions, no response is required. Proposed Intervenor otherwise denies that Plaintiff is entitled to demand the statewide voter registration list with all fields, including sensitive personal voter information, in order to ascertain compliance with the list maintenance requirements of the NVRA and HAVA.

25.  Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore denies them. To the extent that Paragraph 25 contains legal contentions, characterizations, conclusions, or opinions, no response is required. Proposed Intervenor otherwise denies that Plaintiff's request for motor vehicle records is exempt from the disclosure prohibition in the Driver's Privacy Protection Act.

26.  Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 26 and therefore denies them.

27.    Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 27 and therefore denies them.

28.    Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 28 and therefore denies them.

29.    Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 29 and therefore denies them.

30.    Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore denies them.

31.    Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 31 and therefore denies them.

32.    Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 32 and therefore deny them.

33.    On information and belief, Proposed Intervenor admits that Defendants have not provided Kentucky's SVRL to the United States, but Proposed Intervenor otherwise denies the allegations in Paragraph 33.

## COUNT ONE

34.    Proposed Intervenor incorporates by reference each of its preceding admissions, denials, and statements as if fully set forth herein.

35.    Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 35 and therefore denies them.

36.    Proposed Intervenor lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 36 and therefore denies them.

37.    Admitted.

38.    Paragraph 38 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, on information and belief, Proposed Intervenor admits that Defendants have not provided Kentucky's SVRL to the United States, but denies that Plaintiff was entitled to any of the requested records.

Proposed Intervenor denies that Plaintiff is entitled to any relief in this action, including the relief demanded in sub-paragraphs (A)–(D).

## GENERAL DENIAL

Proposed Intervenor denies every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3.    Plaintiff has failed to establish entitlement to injunctive relief.

4.    The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5.    Plaintiff lacks authority to bring a cause of action.

## PROPOSED INTERVENOR'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenor prays for judgment as follows:

A.    That the Court dismiss the Complaint;

8

B.      That judgment be entered in favor of Proposed Intervenor and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C.      That Proposed Intervenor be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D.      For such other and further relief as the Court deems appropriate.

Dated: March 2, 2026,                    Respectfully submitted,

**TRUE GUARNIERI AYER, LLP**

*/s/ J. Guthrie True*
J. Guthrie True
124 West Clinton Street
Frankfort, KY  40601
Telephone:  (502) 605-9900
Facsimile:  (502) 605-9901
E-mail: gtrue@truelawky.com


**ELIAS LAW GROUP LLP**

Elisabeth Frost*
Lucas Lallinger*
Tina Meng Morrison*
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
F: (202) 968-4498
efrost@elias.law
llallinger@elias.law
tmengmorrison@elias.law

* *Pro Hac Vice* Applications Pending
*Counsel for Proposed Intervenor*

9