## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY

UNITED STATES OF AMERICA

         *Plaintiff*,

v.

MICHAEL ADAMS, in his Official Capacity As KENTUCKY SECRETARY OF STATE and as CHIEF ELECTION OFFICIAL for the KENTUCKY STATE BOARD OF ELECTIONS; ROSS OWENS, III in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; ERIC FARRIS in his Official Capacity as Kentucky STATE BOARD OF ELECTIONS MEMBER; JOHN BROWN, III, in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; SUE PERRY in her Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; DEANNA BRANGERS in her Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; Cory Skolnick in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; DWIGHT SEARS in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; JULIE GRIGGS in her Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER,

         *Defendants*.

Case No: 3:26-cv-00019-GFVT

## JEFFERSON COUNTY CLERK, DAVID YATES' COMBINED REPLY IN SUPPORT OF MOTION TO DISMISS AND RESPONSE TO MOTION TO COMPEL

Intervening Defendant, Jefferson County Clerk David Yates, by counsel, states as follows for his Reply in Support of Motion to Dismiss and Response to Plaintiff's Motion to Compel:

## INTRODUCTION

The United States has demanded expansive voter information from at least thirty-nine (39) states leading to thirty (30) almost identical lawsuits brought by the United States. However, the United States fails to provide any support for this unprecedented effort to collect sensitive voter information. The United States cites to the National Voter Registration Act ("NVRA"), the Help America Vote Act ("HAVA") and the Civil Rights of Act of 1960 ("CRA") but cannot identify a single occurrence under these statutes in which a court has forced a state to provide the federal government with sensitive voter data protected under state law. The United States' efforts run contrary to Kentucky's constitutional and statutory framework for elections, which entrust state and local officials with obtaining voter registration information, maintaining their own voter lists, and protecting Kentuckians' private information. The United States fails to state a claim and its Complaint should be dismissed.

## ARGUMENT

1. **Clerk Yates' Motion to Dismiss should be granted because the United States Has Failed to State a Claim Under The Civil Rights Act for the Unredacted Voter List**.

   a. The Federal Rules of Civil Procedure are applicable here.

In its Consolidated Response to Motions to Dismiss by Defendants and Intervenor-Defendants [DN 39], the United States attempts to minimize this action as a "summary proceeding" exempt from the Federal Rules of Civil Procedure. [DN 39, Page ID# 714]. This interpretation is legally flawed and threatens the privacy of millions of Kentuckians.

The United States relies heavily on *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962), to argue that the Federal Rules of Civil Procedure are "inapplicable" to this case and thus a Court cannot

evaluate the sufficiency of its Complaint, specifically the basis and purpose for requesting protected voter records. [DN 39, Page ID# 714-719]. However, the United States' reading of *Lynd* is misplaced. In *Lynd*, the court found that *the explicit text of the CRA was controlling* as to the scope of records and papers subject to inspection and "if, after issuance of an order to produce, a genuine dispute subsequently arises as to whether or not any specified particular paper or record comes within this broad statutory classification [...], the Court would of course, be open for its determination." *Id*. at 226. This is supported by Sixth Circuit law which provides that the Federal Rules of Civil Procedure apply "unless their application is inconsistent" with the underlying statute. *United States v. Markwood*, 48 F.3d 969, 980 (6th Cir. 1995). The text of the law or statute is controlling.

Additionally, the United States cites no binding authority or any other cases which apply *Lynd* in the last sixty years. In fact, other circuits have refused to apply *Lynd* in the United States' lawsuits for protected voter information. In *United States v. Oregon*, the court considered the relevant text of the CRA—"[t]he United States district court for the district in which a demand is made pursuant to section 20703 of this title, or in which a record or paper so demanded is located, shall have jurisdiction by appropriate process to compel the production of such record or paper"— and found that the CRA does not define what the "appropriate process" is. *United States v. Oregon*, No. 6:25-CV-01666-MTK, 2026 WL 318402 at *8 (D. Or. Feb. 5, 2026) (citing 52 U.S.C. § 20705).

The *Oregon* Court found that a previous United States Supreme Court ruling "squarely rejects [the United States'] contention and reliance on *Lynd*" as nothing in the CRA precludes a court from evaluating the sufficiency of the United States basis and purpose and the Federal Rules of Civil Procedure apply. *Id*. (citing *United States v. Powell*, 379 U.S. 48, 58 & n.18 (1964)); *see*

*also United States v. Amore*, No. 25-CV-00639-MSM-PAS, 2026 WL 1040637 at *3 (D.R.I. Apr. 17, 2026) (citing *Powell*, 379 U.S. at 57–58); *United States v. Galvin*, No. CV 25-13816-LTS, 2026 WL 972129 at *3-4 (D. Mass. Apr. 9, 2026) (finding the written demands of the Attorney General under the CRA must comply with the requirements of the statute, including the basis and purpose requirements.); *United States v. Weber*, No. 2:25-CV-09149-DOC-ADS, 2026 WL 118807 (C.D. Cal. Jan. 15, 2026) ("Title III was not conceived by Congress to provide access to "confidential, private papers and effects.") (quoting *Lynd*, 306 F.2d at 231).

Given that Clerk Yates is tasked with protecting the sensitive personal data of Jefferson County's citizens—the Commonwealth's most populated county—he is entitled to full protections of an adversarial hearing and the standard of review provided under FRCP 12(b)(6).

b. The United States' interpretation of "records" creates an irreconcilable conflict with HAVA and the NVRA**.**

The United States argues that unredacted statewide voter registration lists are considered "all records and papers" under 52 U.S.C. § 20701. However, this textual reading creates an absurd result. 52 U.S.C. § 20702 prohibits "willfully destroying or altering" any record or paper required by Section 20701; yet both HAVA and the NVRA require election officials to continually alter these lists by purging ineligible or duplicate entries and updating information. *See e.g.*, 52 U.S.C. § 21083; 52 U.S.C. §20507.

If Kentucky's statewide voter registration list were a "record" under the CRA, election officials would be prohibited from performing the very list maintenance the United States claims to be investigating. Congress did not intend for one federal statute to mandate an action while another prohibits it. *See POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 115 (2014).

c. The United States has no authority to compel disclosure of private identifiers.

4

The United States admits that its purpose is to "ascertain Kentucky's compliance" with list maintenance by obtaining full social security and driver's license numbers. [DN 39, Page ID# 714]. However, the Privacy Act and state confidentiality statutes provide a shield against the mass collection of sensitive data and the Court should not cast aside such protections. *See e.g., Oregon*, WL 318402 at *11 ("the Plaintiff's conduct and written demands on states for disclosure of their highly sensitive voter information should not be ignored."). The Privacy Act "serves as a protection for Americans against the disclosure of information collected by the government" and "unless narrow exceptions apply, agencies cannot collect or maintain records regarding Americans' First Amendment activities and agencies are required to follow specific procedures prior to maintaining, collecting, using or disseminating records." *Weber*, No. 2026 WL 118807 at *17 (citations omitted). The United States has provided no persuasive reason for obtaining this information and its continuous conduct has only raised suspicion about the true purposes for seeking unredacted statewide voter lists across the county.

Additionally, Kentucky's open records statutes and privacy laws do not conflict with the NVRA or HAVA. Under state law, Clerk Yates has affirmative statutory duties to maintain accurate voter registration records, protect the integrity of those records, and ensure that confidential voter information is not improperly disclosed. Clerk Yates' is legally responsible for ensuring that sensitive voter information is not disclosed in a manner that compromises voter privacy, exposes individuals to identity theft, fraud or other misuses of personal information. KRS 116.095 (requiring redaction of social security number if included on registration form); *see also* KRS 61.878(1)(a); *See e.g.*, *Kentucky New Era, Inc. v. City of Hopkinsville,* 415 S.W.3d 76, 85 (Ky. 2013). Clerk Yates' statutory duties do not conflict with federal law because neither the NVRA nor HAVA require the disclosure of sensitive voter information and unredacted Kentucky

voter rolls. 52 U.S.C. §. 20501-20511; 52 U.S.C. §§20901-21145. <u>Courts do no preempt state law unless it is necessary to enforce the federal at issue</u>. *Dalton v. Little Rock Fam. Plan. Servs.*, 516 U.S. 474, 476 (1996).

Because Kentucky's open records and voter privacy laws are not in conflict with the federal laws at issue here, Kentucky statutes should be enforced. As the custodian of voter registration records and the chief election official in Jefferson County required to maintain and update voter registration information, Clerk Yates has a statutory duty to ensure that this information is not disclosed in violation of these protections. The United States "investigative" needs do not override the privacy rights of almost 800,000 Jefferson County residents.

**2.     The United States' Motion to Compel Should be Denied.**

The United States' Motion to Compel Federal Election Records Under the Civil Rights Act of 1960 ("Motion to Compel") [DN 26] is plagued by the same faults as its Complaint [DN 1] and should be denied. All of the arguments in favor of denial of the Motion to Compel are fully briefed in the five pending motions to dismiss the United States' Complaint [DN 9; 29; 33; 36; 38]. Clerk David Yates adopts and incorporates these arguments against the United States' Motion to Compel. Clerk Yates writes separately to record his objection to the Motion to Compel and its brazen attempt to usurp the voters of Jefferson County's private and sensitive information. Clerk Yates also points the Court to the following arguments in favor of denial of the Motion to Compel [DN 26] and in favor of dismissal of the United States' Complaint [DN 1].

First, as set forth in above Reply Brief, the Motion to Compel assumes that Title III of the CRA covers a complete voter registration list. It does not. *See also* DN 29, Page ID# 555-557; DN 36-5, Page ID# 662-663; DN 9, Page ID# 216-220; DN 38, Page ID# 692-694; DN 33, Page ID# 584-588.  This Court need look no further than the case which the United States relies heavily on

6

to support its first two arguments in its Motion to Compel, *United States v. Benson*¸ No. 1:25-cv-01148-HYJ-PJG, 2016 WL 362789 (W.D. Mich. Feb. 10, 2026), appeal docketed, No. 26-1225 (6th Cir. Feb. 25, 2026). In *Benson*, another district court dismissed the United States' similar attempt to compel a complete voter registration list under the CRA, finding that complete voter registration lists created by the state do not fall under the CRA's disclosure requirements. *See Benson* at *9-11. For the reasons cited herein, Kentucky's voter registration list does not fall under the CRA's disclosure requirements and thus production of same cannot be compelled under the CRA.

The United States Motion to Compel should be denied on this basis alone. However, as noted in the above Reply, even if Kentucky's complete voter registration list did fall under the CRA's disclosure requirements, which it does not, the United States has failed to make a proper demand by failing to adequately state a basis and purpose for its demand as required by 52 U.S.C. §§ 20701; 20703; 30705. *See also* [DN 36-5, Page ID# 657-660; DN 9, Page ID# 220-224; DN 38, Page ID# 694-698; DN 33, Page ID# 582-584]. Thus, Clerk Yates respectfully requests this Court deny the United States' Motion to Compel [DN 26].

**CONCLUSION**

The United States' attempt to bypass standard legal procedures to amass a database of sensitive personal information is legally unauthorized. For these reasons, this Court should grant Clerk Yates' Motion to Dismiss and deny the United States' Motion to Compel.

Respectfully,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY


/s/ *Sarah J. Martin*
Sarah J. Martin
Natalie Johnson
Kathryn Goodwin
Assistant Jefferson County Attorneys
200 S. Fifth St., Ste 300N
Louisville, Kentucky 40202
(502) 574-4307
Natalie.Johnson@louisvilleky.gov
Kathryn.Goodwin@louisvilleky.gov
Sarah.martin@louisvilleky.gov
*Counsel for Jefferson County Clerk David Yates*


## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, I filed this motion with the Clerk of this Court using the Court's CM/ECF system, which will send notification to all registered parties

/s/ Sarah J. Martin

8