**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**FRANKFORT DIVISION**
**CASE NO. 3:26-cv-00019-CHB**

THE UNITED STATES OF AMERICA                                    PLAINTIFF

v.

KENTUCKY STATE BOARD OF ELECTIONS, *et al.*                    DEFENDANTS

---

**KENTUCKY STATE BOARD OF ELECTIONS'**
**NOTICE OF SECOND SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF ITS MOTION TO DISMISS**

---

The Department of Justice's theory has failed—*again*. This time, in Maine. In *United States v. Shenna Bellows*, Maine became the latest State to defeat the Department's attempt to compel production of its statewide voter list under the Civil Rights Act. The Kentucky Board of Elections submits this Notice of Supplemental Authority in support of its Motion to Dismiss [DE 9].[1]

With Maine, *eight* federal courts have now rejected the Department's theory—confirming that the Civil Rights Act does not authorize this sweeping demand. As in Maine,[2] the Department tells this Court that Congress—through HAVA and the NVRA—has enacted a "trust, but verify" approach.[3] It has not. The United States District Court for the District of Maine agrees. As Judge Lance E. Walker said, the "text and structure of those statutes require a greater degree of trust than this Department of Justice would perhaps like to give—and only limited mechanisms for verification. As I see it, this was by design."[4] That design accords with the Constitution, which trusts the States to administer elections.

---

[1]     *See United States v. Shenna Bellows, et al., ---F. Supp.3d----,* No. 1:25-cv-00468, 2026 WL 1430481 (District Court of Maine, May 21, 2026), attached as **Exhibit 1** for this Court's convenience.

[2]     *United States of America v. Shenna Bellows*, 2026 WL 1430481, at *10.

[3]     United States' Consolidated Response to Motions to Dismiss by Defendants and Intervenor-Defendants, at p. 31 [R.39,PageID#740].

[4]     *Bellows*, 2026 WL 1430481, at *10.

Judge Walker also warned that "giving Title III the construction that the United States requests would also require [him] to turn a blind eye to traditional principles of federalism and how those principles have found expression in American elections."[5] The same statutory text and traditional principles of federalism govern here—and compel the same result. That is because "[u]nder our Constitution, states are the primary regulators and administrators of elections for federal office, unless Congress passes legislation that preempts that framework." Yet the Department seeks to impose a free-ranging federal superstructure that finds no footing in federal law.

This Court should do what eight others already have: reject the Attorney General's unlawful demand and dismiss the Complaint.

Respectfully submitted,

/s/ *Carmine Gennaro Iaccarino*
Carmine G. Iaccarino
Emma J. Redinger
Sturgill, Turner, Barker & Moloney, PLLC
333 West Vine Street, Suite 1500
Lexington, KY 40507
Telephone No.: (859) 255-8581
Facsimile No.: (859) 231-0851
Carmine@sturgillturner.com
ERedinger@sturgillturner.com

&

Taylor Austin Brown
 *General Counsel*
State Board of Elections
140 Walnut Street
Frankfort, Kentucky 40601
TaylorA.Brown@ky.gov
*Counsel for the State Board of Elections and each of its members in their official capacities as Board members*

---

[5]    *Id.* at *9.

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, I filed this Notice with the Clerk of this Court using the Court's CM/ECF system, which will send notification to all registered parties.

/s/ Carmine Gennaro Iaccarino
*Counsel for the State Board of Elections and each of its members in their official capacities as Board members*