# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ADAMS, *et al.*,<br><br>Defendants. | Case No. 3:26-cv-00019-CHB<br><br><br>**UNITED STATES' RESPONSE TO NOTICES OF SUPPLEMENTAL AUTHORITY (DKTS. 52, 53, 54)** |

In *United States v. Bellows*, No. 1:25-CV-468, 2026 WL 1430481, at *7 (D. Me. May 21, 2026), and *United States v. Wisconsin Elections Comm'n (WEC)*, No. 25-CV-1036, 2026 WL 1430354, at *4 (W.D. Wis. May 21, 2026), district courts ruled that statewide voter registration lists (SVRLs) are not records that come into the possession of election officers because SVRLs are state-created. For the reasons the United States has briefed extensively, these courts incorrectly limited the phrase "come into his possession" to exclude self-generated documents. 52 U.S.C. § 20701; *see* Dkt. 39 at 14-18. *WEC* further conflated the United States' arguments about the moment "an election official [first] gains possession of the records" with the statute's limit on how long the duty to retain and preserve lasts. 2026 WL 1430354, at *4.

*Bellows* further held that Title III of the Civil Rights Act cannot be used to enforce the NVRA and HAVA. 2026 WL 1430481, at *8. The court admitted that "the text of Title III does not expressly limit the acceptable purposes for which the Attorney General can request documents." *Id.* at *7. But "[t]o determine whether the Attorney General's purpose [wa]s sufficient, [the court] start[ed] not with Title III, but with the text and structure of HAVA and the NVRA." *Id.* The NVRA and HAVA in no way purported to abrogate Title III, and it was error to use the silence of these later-enacted statutes to superimpose an extratextual limitation on Title III's purpose requirement.

1

*See* Dkt. 39 at 13; *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 502 (2018) ("It is this Court's duty to interpret Congress's statutes as a harmonious whole rather than at war with one another.").

Finally, *WEC* erred in finding "tension" between the "retain and preserve" requirement of 52 U.S.C. § 20701 and the fact that SVRLs must be continuously updated. 2026 WL 1430354, at *5. Proper retention and preservation include legally required updates; the statute mandates protection of covered records, not stagnancy. *See Voter Reference Found., LLC v. Torrez,* 160 F.4th 1068, 1085 (10th Cir. 2025) (interpreting "maintain" under the NVRA).

Respectfully submitted this 5th day of June, 2026.

PAUL C. MCCAFFREY
Assistant United States Attorney
Eastern District of Kentucky
260 W. Vine Street, Suite 300
Lexington, KY 40507-1612
Telephone: 859-685-4820
Fax: 859-233-2533
Paul.McCaffrey@usdoj.gov

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

/s/ Joseph W. Voiland
JOSEPH W. VOILAND
Trial Attorney, Voting Section
4 Constitution Square
Washington, D.C. 20002
Telephone: 202-353-5318
joseph.voiland@usdoj.gov

2