**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**FRANKFORT DIVISION**
**CASE NO. 3:26-cv-00019-CHB**

**THE UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**v.**

**KENTUCKY STATE BOARD OF ELECTIONS,** *et al.*                        **DEFENDANTS**

---

**KENTUCKY STATE BOARD OF ELECTIONS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF ITS MOTION TO DISMISS**

---

The State Board of Elections submits this Notice of Supplemental Authority in support of its Motion to Dismiss [DE 9]. Yet another federal court agrees with the Board that it has no obligation to produce its statewide voter registration list to the Department of Justice. Here, that Court is the United States Court of Appeals for the Sixth Circuit, and its opinion is controlling.

In *United States v. Benson*,[1] the Court of Appeals affirmed the district court's judgment and held that the Department of Justice is not entitled to demand a copy of Michigan's voter registration list under Title III of the Civil Rights Act of 1960. As the Court observed, "States do most of the heavy lifting in overseeing federal elections."[2] As part of that heavy lifting, state officials *create* the voter registration lists that the Department of Justice has demanded. The voter registration list is "an internally generated electronic database, not a record acquired from an outside source,"[3] and thus an "ordinary English speaker," the Court reasoned, would not say an election official "has come into possession of something that she created, established, and maintained."[4] For that reason, the voter

---

[1]   For the Court's convenience, a copy of the slip opinion is attached as **Exhibit 1**.

[2]   *United States of America v. Benson, et al.*, No. 26-1225, slip op. at 8 (June 24, 2026).

[3]   *Id.*

[4]   *Id.*

registration list is not subject to demand by the Department of Justice under 52 U.S.C. § 20701. That is exactly the position the Board has taken here.

In *Benson*, the Department's demand failed for another reason: it did not contain "both a statement of the basis along with the purpose of the government's request for Michigan's qualified voter file."[5] Yet, the Court held, the "statutory context suggests that any demand must contain both."[6] So too here. The Department's demand on the State Board of Election does not contain both a statement of the basis along with the purpose of the government's request for Kentucky's voter registration list.

In *Benson*, the Sixth Circuit has spoken. Its ruling controls here. For that reason, the Court should grant the State Board of Elections' motion to dismiss the United States' Complaint.

Respectfully submitted,

/s/ *Carmine Gennaro Iaccarino*
Carmine G. Iaccarino
Emma J. Redinger
Sturgill, Turner, Barker & Moloney, PLLC
333 West Vine Street, Suite 1500
Lexington, KY 40507
Telephone No.: (859) 255-8581
Facsimile No.: (859) 231-0851
Carmine@sturgillturner.com
ERedinger@sturgillturner.com

&

Taylor Austin Brown
 *General Counsel*
State Board of Elections
140 Walnut Street
Frankfort, Kentucky 40601
TaylorA.Brown@ky.gov

*Counsel for the State Board of Elections and each of its members in their official capacities as Board members*

---

[5]     *Id.* at 15.

[6]     *Id.*

2

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2026, I filed this Notice with the Clerk of this Court using the Court's CM/ECF system, which will send notification to all registered parties.

*/s/ Carmine Gennaro Iaccarino*
*Counsel for the State Board of Elections and each of its*
*members in their official capacities as Board members*