**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 3:26-CV-00019-CHB |
| v. | |
| MICHAEL ADAMS, *et al.*, | |
| Defendants. | |

**UNITED STATES' RESPONSE TO SUPPLEMENTAL AUTHORITY
(Dkt. 57)**

The United States responds to Defendants' Notice of Supplemental Authority filed June 24, 2026 (Dkt. 57).

In a split decision in *United States v. Benson*, 2026 WL 1815425 (6th Cir. June 24, 2026), the court held that for purposes of Title III of the Civil Rights Act of 1960 ("CRA"), Michigan's SVRL is not a record that "come[s] into [the] possession" of an "officer of election," 52 U.S.C. § 20701, because it is "internally generated . . . , not a record acquired from an outside source." 2026 WL 1815425, at *5. The court further stated that officers of election need not retain and preserve the SVRL because "the NVRA and HAVA *require* Michigan election officials to alter [it] routinely." *Id.*

As Judge Nalbandian's dissent pointed out, the CRA contains no "external-source limitation." *Id*. at *10 n.3. The historical backdrop against which Title III was passed belies any such limitation. *See id.* at *11. The majority's reading would also produce bizarre results as it would exclude self-generated lists designating registrants "by race." *Id.* at *11 n.7. But even

accepting an external-source limitation, Title III's "focus[] on individual 'officer[s] of election' " means that even if "Benson's employees generated the [SVRL]—and therefore didn't 'come into . . . possession' of the list themselves—Benson nonetheless 'c[a]me into . . . possession' of the file when her employees sent it to her." *Id.* at *11 (citations omitted; alterations in original).

The United States respectfully requests that this Court hold any ruling in this case in abeyance pending a petition to the Sixth Circuit for en banc review. The granting of such petition would vacate the panel's decision and restore the case as a pending appeal. *See* 6th Cir. R. 40(d). The United States commits that it will notify this Court if (a) it decides not to petition for en banc review, or (b) the Court of Appeals denies the United States' petition.

DATED: June 26, 2026

PAUL MCCAFFREY
Assistant United States Attorney
Eastern District of Kentucky

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section

/s/ Joseph W. Voiland
JOSEPH W. VOILAND
Trial Attorney, Voting Section
4 Constitution Square
Washington, D.C. 20002
joseph.voiland@usdoj.gov
Tel. (202) 353-5318

*Attorneys for the United States*