# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

UNITED STATES OF AMERICA,

      *Plaintiff*,

      *v.*

MICHAEL ADAMS, in his Official Capacity as KENTUCKY SECRETARY OF STATE and as CHIEF ELECTION OFFICIAL for the KENTUCKY STATE BOARD OF ELECTIONS; ROSS OWENS, III in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; ERIC FARRIS in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; JOHN BROWN, III in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; SUE PERRY in her Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; DEANNA BRANGERS in her Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; CORY SKOLNICK in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; DWIGHT SEARS in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; JULIE GRIGGS in her Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER,

      *Defendants*.

Case No. 3:26-cv-00019-CHB

## NOTICE OF FOURTH SUPPLEMENTAL AUTHORITY IN SUPPORT OF THE KENTUCKY ALLIANCE FOR RETIRED AMERICANS' MOTION TO DISMISS

Intervenor-Defendant the Kentucky Alliance for Retired Americans ("the Alliance") respectfully provides the Court notice of two new opinions from sister federal courts as supplemental authority supporting the Alliance's pending Motion to Dismiss and its opposition to the Department of Justice's ("DOJ") Motion to Compel. *See* Dkt. Nos. 38, 46.

*First*, last Friday, July 10, 2026, a federal district court in New York dismissed DOJ's parallel lawsuit seeking that state's unredacted statewide voter registration list ("SVRL") and denied DOJ's motion to compel as moot. *See United States v. Bd. of Elections of N.Y.*, No. 25-cv-1338, 2026 WL 1999921 (N.D.N.Y. July 10, 2026). *Second*, earlier today, a federal court in West Virginia did the same. *See* Order, *United States v. Warner*, No. 26-cv-156 (S.D. W.Va. July 13, 2026).

In their opinions, both courts first rejected DOJ's argument that the Federal Rules did not apply. *See Bd. of Elections of N.Y.*, 2026 WL 1999921 at *5-7; *Warner*, slip op. at 3-5. The courts then carefully considered whether DOJ's complaints seeking to forcibly compel production of New York's and West Virginia's SVRLs, respectively, stated a claim. Ultimately concluding that they did not, they held both must be dismissed.

The New York court noted that there were several issues with DOJ's complaint, but that it need not reach most of them, because it joined several other courts in concluding that the SVRL was not a "record" subject to production under Title III of the Civil Rights Act ("CRA"), in the process rejecting many of the same arguments that DOJ makes in support of its CRA claim here. *See Bd. of Elections of N.Y.*, 2026 WL 1999921 at *7-11.

The West Virginia court took a slightly different approach, finding that, even if the CRA could potentially reach a state's SVRL, DOJ failed to comply with the CRA's explicit "basis and purpose" requirements to make a valid demand. *See Warner*, slip op. at 6-14. The court also

2

stressed that the NVRA and HAVA—the statutes that DOJ claims it is seeking to enforce—have their own enforcement mechanisms, and that it is those mechanisms, not some contrived use of the CRA, that is what Congress has made available to DOJ for this purpose. *See id.* at 14 & n.8. Lastly, the court recognized that the private voter information that DOJ seeks is not necessary to ensure that states are complying with their list maintenance obligations under the NVRA or HAVA. *See id*. at 14-15. In the process, the West Virginia court also rejected many of the same arguments DOJ makes in this case.

These courts are the thirteenth and fourteenth federal courts (joining eleven other district courts and one court of appeals) to reject DOJ's claims in its unprecedented effort to compel states to turn over sensitive voter data. No court to have issued a decision in these cases has thus far found that DOJ's complaints can survive a motion to dismiss. Like the other similar decisions previously issued coming to the same conclusion, this newest decision supports the Alliance's position that this action should be dismissed. *See* Dkt Nos. 38, 46.

Dated: July 13, 2026

Respectfully submitted,

**TRUE GUARNIERI AYER, LLP**

*/s/ J. Guthrie True*
J. Guthrie True
124 West Clinton Street
Frankfort, KY 40601
Tel: (502) 605-9900
Fax: (502) 605-9901
E-mail: gtrue@truelawky.com

**ELIAS LAW GROUP LLP**

Elisabeth Frost*
Lucas Lallinger*
Tina Meng Morrison*
250 Massachusetts Avenue NW, Suite 400

3

Washington, D.C. 20001
efrost@elias.law
llallinger@elias.law
tmengmorrison@elias.law
Tel: (202) 948-1135

*Admitted *pro hac vice*

*Counsel for Intervenor the Kentucky Alliance for Retired Americans*

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been served on all counsel of record this 13th day of July, 2026, by filing a copy of the same with the Electronic Court Filing System of the United States District Court for the Eastern District of Kentucky.

*/s/ J. Guthrie True*<br>Counsel for Intervenor