# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

UNITED STATES OF AMERICA,

*Plaintiff*,

*v.*

MICHAEL ADAMS, in his Official Capacity as KENTUCKY SECRETARY OF STATE and as CHIEF ELECTION OFFICIAL for the KENTUCKY STATE BOARD OF ELECTIONS; ROSS OWENS, III in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; ERIC FARRIS in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; JOHN BROWN, III in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; SUE PERRY in her Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; DEANNA BRANGERS in her Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; CORY SKOLNICK in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; DWIGHT SEARS in his Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER; JULIE GRIGGS in her Official Capacity as KENTUCKY STATE BOARD OF ELECTIONS MEMBER,

*Defendants*.

Case No. 3:26-cv-00019-CHB

**FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THE KENTUCKY ALLIANCE FOR RETIRED AMERICANS' MOTION TO DISMISS**

Intervenor-Defendant the Kentucky Alliance for Retired Americans ("the Alliance") respectfully provides the Court with notice of two new opinions from sister federal courts as supplemental authority supporting the Alliance's pending Motion to Dismiss and its opposition to the Department of Justice's ("DOJ") Motion to Compel. *See* Dkt. Nos. 38, 46.

On July 14, 2026, federal district courts in New Mexico and Virginia dismissed DOJ's parallel suits seeking those states' unredacted statewide voter registration lists. *See United States v. Oliver*, No. 1:25-cv-1193-JCH-JFR, 2026 WL 2031479 (D.N.M. July 14, 2026); *United States v. Koski*, No. 3:26-cv-0042, 2026 WL 2032532 (E.D. Va. July 14, 2026). DOJ's arguments have now been unanimously rejected by sixteen federal courts, including one court of appeals.

Both courts first found that the Federal Rules of Civil Procedure apply and thus governed DOJ's action. *See Oliver*, 2026 WL 2031479, at *6–8; *Koski*, 2026 WL 2032532, at *2. Applying the Rule 12(b)(6) motion to dismiss standard, the courts then proceeded to consider whether DOJ had stated a valid claim to compel the production of Virginia's and New Mexico's unredacted voter lists. Both courts concluded DOJ did not and dismissed their claims.

The New Mexico court found that DOJ's claim under Title III of the Civil Rights Act failed because DOJ did not include a factual "basis" for its demand, as the statute requires. *See Oliver*, 2026 WL 2031479, at *8–10. The court noted that "[n]owhere does the DOJ articulate any factual suggestion that New Mexico has violated the [National Voter Registration Act] or [Help America Vote Act], indicate the State has a pattern or practice of noncompliance with the same, nor does it explain how the unredacted [Personally Identifiable Information] is necessary to evaluate compliance with the NVRA and HAVA." *Id.* at *10. This deficiency in the demand was fatal to DOJ's Title III claim. *Id.* DOJ has similarly failed to include a factual basis for its claim against Kentucky. *See* Dkt. No. 38 at 12–16; Dkt No. 46 at 11–14.

2

The Virginia court dismissed DOJ's claim on different grounds. The court concluded that the state's unredacted voter list was not a record or paper within the meaning of the Civil Rights Act (CRA) because it did not "come into [the] possession" of an officer of election. *See Koski*, 2026 WL 2032532 at *4–6 (citing 52 U.S.C. § 20701, *et seq.*). The court also reasoned that DOJ's proffered interpretation of § 20701 "would place Title III on a collision course with [the] NVRA and HAVA." *Id*. at *5 (quoting *United States v. Benson*, No. 26-1225, 2026 WL 1815425, at *6 (6th Cir. June 24, 2026)). Under DOJ's reading, the state's regular list maintenance activities (required by the NVRA and HAVA) could subject election officials to criminal penalties under § 20702 of the CRA, which criminalizes the alteration of any record or paper covered by the Act. *Id.* Because no further amendments could cure the defects in DOJ's single claim under the CRA, the court dismissed DOJ's claim with prejudice. *Id.* at *6. The Alliance presented these same arguments in support of its motion to dismiss and opposition to DOJ's motion to compel here. *See, e.g.*, Dkt No. 46 at 21–22.

These courts are the fifteenth and sixteenth federal courts to find that DOJ has failed to state a claim. These newest decisions further support the Alliance's position that this action should be dismissed. *See* Dkt Nos. 38, 46.

Dated: July 15, 2026

Respectfully submitted,

**TRUE GUARNIERI AYER, LLP**

*/s/ J. Guthrie True*
J. Guthrie True
124 West Clinton Street
Frankfort, KY 40601
Tel: (502) 605-9900
Fax: (502) 605-9901
E-mail: gtrue@truelawky.com

3

**ELIAS LAW GROUP LLP**

Elisabeth Frost\*
Lucas Lallinger\*
Tina Meng Morrison\*
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
efrost@elias.law
llallinger@elias.law
tmengmorrison@elias.law
Tel: (202) 948-1135

\*Admitted *pro hac vice*

*Counsel for Intervenor the Kentucky Alliance
for Retired Americans*

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served on all counsel of record this 15th day of July, 2026, by filing a copy of the same with the Electronic Court Filing System of the United States District Court for the Eastern District of Kentucky.

*/s/ J. Guthrie True*
Counsel for Intervenor

5