# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

MICHAEL ADAMS, *et al.*,

        Defendants.

Case No. 3:26-CV-00019-CHB

## UNITED STATES' RESPONSE TO SUPPLEMENTAL AUTHORITY
### (Dkts. 61, 63 and 64)

The State Voter Registration List (SVRL) is not just any "record[] . . . requisite to voting," 52 U.S.C. § 20701, it is a federally mandated record that "serve[s] as the official voter registration list for the conduct of all elections for Federal office in the State," 52 U.S.C. § 21083(a)(1)(A)(viii). Despite the SVRL's paramount necessity in voting, the district courts in *United States v. Thomas*, 2026 WL 2070437 at * 5-6 (D. Conn. July 17, 2026); *United States v. Koski*, 2026 WL 2032532 at * 4-6 (E.D. Va. July 14, 2026); and *United States v. Board of Elections of the State of New York*, 2026 WL 1999921, at *8-11 (N.D.N.Y. July 10, 2026) ruled that an SVRL is not a voting "record" for purposes of Title III of the Civil Rights Act of 1960, 52 U.S.C. § 20701, because it is created by election officials and therefore does not "come into [their] possession," *id.* This narrow interpretation of Title III would have excluded the voter-registration lists of the 1960s—which, like SVRLs, were created by election officials—and thus would have allowed election officials to avoid accountability for not registering black citizens, a result Congress could not have intended.

These district courts also erroneously reasoned that if an SVRL were a Title III "record," then updating the SVRL would be "alter[ing]" a record in violation of Title III's criminal provision. *Thomas*, 2026 WL 2070437 at * 6; *Koski*, 2026 WL 2032532 at * 5. Title III's criminal provision uses the word "willfully" followed by verbs that clearly limit the provision to the willful spoliation of records, something that has nothing to do with updating an SVRL in accordance with the law. *See Bryan v. United States*, 524 U.S. 184, 191 (1998) ("As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a 'bad purpose.'").

Separately, the district court in *United States v. Warner*, 2026 WL 2018877, *6-7 (S.D. W. Va. July 13, 2026) wrongly limited Title III to "an investigation into potential violations of an individual's right to vote." Title III's text includes no such limitation. Finally, *United States v. Oliver*, 2026 WL 2031479, * 8-10 (D. N.M. July 14, 2026) was decided on facts unique to that case.

DATED: July 21, 2026

PAUL MCCAFFREY
Assistant United States Attorney
Eastern District of Kentucky

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section

/s/ Joseph W. Voiland
JOSEPH W. VOILAND
Trial Attorney, Voting Section
4 Constitution Square
Washington, D.C. 20002
joseph.voiland@usdoj.gov
Tel. (202) 353-5318

*Attorneys for the United States*